141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronalde Trinidad MIRANDA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70727.
INS No. Ayr-heh-fih.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 10, 1998.**
Decided March 18, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronalde Trinidad Miranda, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a),[1] and we grant the petition for review.
 
 
 3
 Because the BIA agreed with the IJ's oral decision and relied on specific portions of that order to conclude that Miranda's "largely undocumented testimony was simply insufficiently consistent to meet his burden of proof," we review the IJ's specific findings. Cf. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995) (stating that this court reviews the IJ's decision when the BIA clearly incorporates the IJ's reasons as its own).
 
 
 4
 The IJ explicitly found that Miranda testified credibly at his deportation hearing, but subsequently concluded that inconsistencies in Miranda's testimony warranted a finding that he was statutorily ineligible for asylum. The IJ identified two fatal inconsistencies in Miranda's testimony: (1) he failed to indicate in his asylum application that he was an officer of a student council that often demonstrated against the government; and (2) a letter dated September 3, 1995, from Miranda's school contradicted Miranda's testimony regarding his abduction by the army in 1990.
 
 
 5
 Despite the IJ's positive credibility finding, we conclude that his subsequent discussion and reliance upon Miranda's purported inconsistent testimony to find him ineligible for asylum constituted an adverse credibility determination. See generally Osorio v. INS, 99 F.3d 928, 930-31 (9th Cir.1996) (summarizing IJ's adverse credibility finding based upon the applicant's inconsistent testimony); Murphy v. INS, 54 F.3d 605, 611 (9th Cir.1995) (noting that both IJ and BIA's adverse credibility finding was based upon the applicant's inability to corroborate his testimony with documentary or additional testimonial evidence). We conclude that this adverse credibility determination is not supported by substantial evidence because the IJ's findings are not based upon specific and cogent reasons that bear a legitimate nexus to the specific findings. See Osorio, 99 F.3d at 931; Lopez-Reyes v. INS, 79 F.3d 908, 911-12 (9th Cir.1996).
 
 
 6
 First, Miranda testified that a friend had assisted him by preparing his asylum application. His friend, however, did not ask whether Miranda had belonged to any political organizations or student groups in Guatemala, and only instructed Miranda to sign the asylum application. The BIA and the IJ did not consider this explanation before concluding that Miranda's testimony was not credible. See Osorio, 99 F.3d at 931-32. Second, the IJ improperly concluded that Miranda's testimony concerning his abduction by the army was inconsistent with the events described in the letter from his school. Unlike the events described in the letter, Miranda never claimed that he was tortured by the army when he and his two friends were abducted from his home in January, 1990. In addition, the letter does not identify when that particular abduction occurred, or whether Miranda was one of the two students abducted on that occasion. Third, neither the IJ nor the BIA reconciled their adverse credibility determinations with the IJ's explicit initial finding that Miranda had "testified in a credible fashion." Fourth, the BIA erred to the extent it determined that Miranda's testimony was not credible based upon a lack of supporting documentation. See Lopez-Reyes, 79 F.3d at 912.
 
 
 7
 Because Miranda explained his reasons for not indicating earlier in his asylum application that he was a member of the student council, and the letter Miranda submitted from his former school did not contradict his testimony regarding his January, 1990 abduction by the army, the purported inconsistencies identified by the IJ are not inconsistencies at all. See Mosa v. Rogers, 89 F.3d 601, 605 (9th Cir.1996). Consequently, the particular grounds upon which the IJ made its adverse credibility findings are not supported by substantial evidence. See id. at 604-05; Lopez-Reyes, 79 F.3d at 911-12. We grant the petition for review.
 
 
 8
 On remand, if the BIA or IJ explicitly determine that Miranda is not a credible witness based upon other discrepancies in his testimony, it must identify the specific inconsistencies and properly state the reasons for any disbelief. See Osorio, 99 F.3d at 931, 933. Alternatively, if the BIA or IJ conclude that Miranda testified in a credible manner, it must determine whether he is statutorily eligible for asylum and withholding of deportation. See id. at 933.
 
 
 9
 PETITION FOR REVIEW GRANTED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the government initiated deportation proceedings against Miranda before April 1, 1997, we continue to exercise jurisdiction pursuant to 8 U.S.C. § 1105a(a) over the instant petition. See Sections 306(c)(1) and 309(c)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009 (1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656